IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES EARL KING, #609144, | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-CV-1447-M |
| | ) | |
| DOUGLAS DRETKE, Director, Texas Dep't | ) | |
| of Criminal Justice, Correctional Institutions | ) | |
| Division, | ) | |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a petition for writ of habeas corpus filed by a state inmate pursuant to 28 U.S.C. § 2254.

    Parties: Petitioner is currently confined at the Huntsville Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The magistrate judge issued process in this case.

    Statement of Case: Petitioner pled guilty to the felony offense of unlawful delivery of a controlled substance in the 363rd Judicial District Court of Dallas County, Texas, Cause No. F91-04868-SW. (Petition (Pet.) at 2). On January 27, 1992, he was sentenced to twenty years imprisonment. Ex parte King, No. 54,120-01, at 54. He remained incarcerated until December

1, 1993, when he was released on parole. (Memorandum in Support at 1).

In this action, Petitioner challenges a parole revocation which occurred on December 11, 2001. (Respondent's Exh. A). Petitioner subsequently filed two state habeas applications pursuant to art. 11.07, Texas Code of Criminal Procedure, on May 14, 2002, and July 11, 2003, respectively. The Texas Court of Criminal Appeals denied both applications without written order on January 15, 2003, and February 16, 2005. Ex parte King, No. 54,120-01, at cover; and No. 54,120-02 at cover.

In his federal petition, filed on July 6, 2004, Petitioner alleges his sentence was extended in violation of his Double Jeopardy and Due Process rights and through the unconstitutional forfeiture of his good-time/work-time credits and street-time credits. (Petition at 7-8 and Memorandum in Support at 1-2).

In response to this court's order to show cause, Respondent filed an answer along with the relevant state court record. Petitioner has not filed a reply.

Findings and Conclusions: The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), precludes habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner challenges on double jeopardy and due process grounds the refusal to give him credit toward his sentence for the time served on parole – i.e., street-time credits. (Petitioner's

2

Memorandum at 1). The Fifth Circuit has declined to extend the protections of the Double Jeopardy Clause to parole revocation. Morrison v. Johnson, 106 F.3d 127, 129 n.1 (5th Cir. 1997) (citing Cortinas v. United States Parole Com'n,, 938 F.2d 43, 46-47 (5th Cir. 1991), and United States v. Whitney, 649 F.2d 296, 298 (5th Cir. Unit B 1981)). Moreover, Petitioner lacks a protected liberty interest in street-time credits, which is a necessary requisite to a due process violation. See Morrison, 106 F.3d at 129 n. 1 (state prisoner was not entitled to credit for the "flat time" or "street time" that he spent while on parole). Presently, Texas law expressly denies credit for "street time" to a person, like Petitioner, who is ineligible for mandatory supervised release, see Tex. Gov't Code § 508.149(a) (Vernon Supp. 2004), and whose parole is revoked following his release from prison.

Petitioner's 2001 robbery conviction (see Respondent's Exh. B), brings him within the parameters of Tex. Gov't Code § 508.149(a)(11), which states that an inmate who is serving a sentence for or has previously been convicted of a second degree felony under Penal Code § 29.02 is ineligible for release to mandatory supervision.

Section 508.283(b), Texas Government Code provides as follows:

> If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code Ann. § 508.283(b) (Vernon Supp. 2005) (applying to any revocation that occurs on or after September 1, 2001)  (emphasis added). In 1991, at the time of Petitioner's offense, conviction, and sentence, a virtually identical statutory provision governed such matters. See Tex. Code Crim. Proc. art. 42.18 § 14(a) (Vernon 1991). Moreover, it is well established "that time spent on parole does not operate to reduce the sentence of a parole violator returned to prison." See

3

Starnes v. Connett, 464 F.2d 524, 524 (5th Cir. 1972); see also Cox v. State of Texas, 433 F.2d 982, 982 (5th Cir. 1970) (same); Betts v. Beto, 424 F.2d 1299, 1300 (5th Cir. 1970) (same).

Insofar as Petitioner seeks to challenge the forfeiture of his work-time and good-time credits earned prior to his release on parole (see Petitioner's memorandum at 1-2), his claim fares no better.[1] State prisoners do not have a liberty interest in good-time credits. Cf. Hallmark v. Johnson, 118 F.3d 1073, 1079 (5th Cir. 1997) (state prisoners did not have protected liberty interest in restoration of good-time credits forfeited due to disciplinary violation). Texas law has long provided that good-time credits are "a privilege and not a right." Tex. Rev. Civ. Stat. Ann. art. 6181-1 § 4 (Vernon 1977), now Tex. Gov't Code § 498.003(a) (Vernon Supp. 2004). Moreover, until September 1, 1995, Texas law vested complete discretion with state correctional authorities on the issue of restoration of good-time credits forfeited for parole revocation.[2] Effective, September 1, 1995, the Texas Legislature deleted the restoration provision from § 498.004(b). See Tex. Gov't Code Ann. § 498.004(b) (Vernon 1996). Currently, § 498.004(b) provides that "[t]he department may not restore good conduct time forfeited on a revocation." TEX. GOV'T CODE § 498.004(b) (Vernon Supp. 2005) (emphasis added).

In conclusion, Petitioner has not demonstrated that the Texas Court of Criminal Appeal's

---

[1] Under Texas law work-time credits are treated as good-time credits. See Tex. Gov't Code § 498.003(d) (Vernon Supp. 2004).

[2] At the time of Petitioner's conviction and sentence, Texas Government Code § 498.004(b) provided in part:
> The director of the institutional division may restore good conduct time forfeited on a revocation that does not involve a new criminal conviction after the inmate has served at least three months of good behavior in the institutional division, subject to rules adopted by the division. . . .

See TEX. GOV'T CODE ANN. § 498.004(b) (Vernon Supp. 1992) (emphasis added).

decision denying his state habeas application was either an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. Accordingly, the petition should be denied.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be denied and dismissed.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 22nd day of July, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.